**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Johnson,<br><br>              Plaintiff,<br><br>v.<br><br>Robert Brady, et al.,<br><br>              Defendants. | No. CV-14-01875-PHX-DGC<br><br>**ORDER** |

On August 22, 2014, Plaintiff Derrick Johnson filed a *pro se* complaint on behalf of himself and his two children and against various government employees and two municipalities. Doc. 1. Plaintiff's state and federal law claims relate to his allegedly improper arrest and prosecution for crimes involving misconduct with firearms. *Id.* Defendants have filed three motions to dismiss. Docs. 11, 20, 22. Plaintiff has responded to only one of the motions. Doc. 16.

On November 18, 2014, Plaintiff failed to appear at a Case Management Conference. Doc. 24. As a result, the Court entered an order requiring Plaintiff to show cause why the case should not be dismissed. Doc. 25. The Court also ordered Plaintiff to file a response to each motion to dismiss and a clean copy of his complaint. *Id.* On December 1, Plaintiff filed a motion to stay proceedings. Doc. 28. He notified the Court that he had been arrested in California and had been denied release. *Id.* He requested a "stay in the proceedings and any other relief that this Court may deem proper." *Id.* at 3. Plaintiff failed to file responses or a clean copy of his complaint.

Although the Court may dismiss a case for failure to comply with court orders, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962), the Court finds that dismissal is not yet appropriate. Plaintiff's arrest in California shows cause for why he was not able to appear at the Case Management Conference. His motion for a temporary address change (Doc. 32) also suggested that Plaintiff may not have received the Court's previous order.

The Court will deny Plaintiff's request to stay this case. Although prosecuting a case from a jail cell may be difficult, many plaintiffs have successfully pursued cases from prison. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (recognizing inmates' First Amendment right to "pursue civil litigation in the courts"). Also, indefinitely holding this case in abeyance would be unfair to Defendants. In his motion to stay, Plaintiff points to his inability to use the electronic case filing system. But the Court already denied Plaintiff's request to use that system. Doc. 8.

The Court will consider Defendants' motions to dismiss and whether Plaintiff's complaint has failed to state a claim. Although Plaintiff has not responded to two of the motions, the Court may independently determine whether the complaint states a claim since Plaintiff has proceeded in forma pauperis ("IFP"). Doc. 8. In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**I.    Legal Standards.**

    **A.    Pleading Requirements.**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As the United States Court of Appeals for the Ninth Circuit has instructed, however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A *pro se* complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

**B.  Section 1983 Claims.**

Plaintiff has brought claims under 42 U.S.C. § 1983 against all Defendants. Doc. 1. To prevail on a claim under § 1983, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges, or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

/ / /

## II. Analysis.

Plaintiff's claims arise out of an allegedly unreasonable arrest and prosecution. Doc. 1. Plaintiff has named Officer Robert Brady, Officer Jesse Newton, and the Town of Quartzsite. The two officers work in the Town of Quartzsite and participated in Plaintiff's arrest. Plaintiff has also sued County Attorney Tony Rogers, Public Defender Robin Puchek, and Judge Samuel Vederman, all of whom were involved in Plaintiff's criminal case. Plaintiff has also sued La Paz County and the La Paz County Board of Supervisors ( "La Paz County Defendants").[1]

### A. State Law Claims.

Under Arizona law, persons with "claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee . . . within one hundred eighty days after the cause of action accrues." A.R.S. § 12–821.01. "[T]he person 'must give notice of the claim to *both* the employee individually and to his employer.'" *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007) (quoting *Crum v. Superior Court,* 922 P.2d 316, 317 (Ariz. Ct. App. 1996)) (emphasis in original). "Compliance with the notice [requirement] is a 'mandatory' and 'essential' prerequisite to such an action and a plaintiff's failure to comply 'bars *any* claim.'" *Salerno v. Espinoza*, 115 P.3d 626, 628 (Ariz. Ct. App. 2005) (citations omitted) (emphasis in original).

Defendants Rogers, Puchek, Brady, Newton, and the Town of Quartzsite have filed affidavits stating that they did not receive a notice of Plaintiff's claim. *See* Docs. 11-1 at 5-13, 20 at 11-15. Plaintiff does not argue that he served a notice of claim on these Defendants.[2] Rather, he argues that "there is not a requirement for the claim to

---

[1] The Court notes that Plaintiff has sued the individual Defendants in their "individual and official capacity." Doc. 1. An official-capacity lawsuit "'generally represent[s] only another way of pleading an action against an entity of which an officer is an agent.'" *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 89 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Because Plaintiff has sued both individual officers and the public entities they represent, Plaintiff's claims against the officers in their official capacity are unnecessary.

[2] Defendants have filed documents showing that Plaintiff served a notice of claim

- 4 -

be served on both the employee and the entity." Doc. 16 at 4. This is plainly incorrect, *see Harris*, 160 P.3d at 230, and Plaintiff's state law claims against these Defendants will therefore be dismissed.

### B. Claims Against Defendant Samuel Vederman.

Plaintiff has brought state law and § 1983 claims against Defendant Samuel Vederman. Doc. 1. Vederman is a Superior Court Judge for La Paz County. *Id.*, ¶ 10. Judges acting in their judicial capacity are protected from civil lawsuits by absolute immunity under both federal and Arizona law. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Acevedo v. Pima Cnty. Adult Prob. Dep't*, 690 P.2d 38, 40 (Ariz. 1984). "[Judicial] immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11. "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* at 11 (citing *Pierson v. Ray,* 386 U.S. 547, 554 (1967)).

Plaintiff alleges that Judge Vederman improperly dealt with Plaintiff's motion to remand and conspired with other Defendants to prosecute him. Doc. 1, ¶¶ 23-27, 49-51. By ruling on a motion to remand in a criminal case filed in his court, Judge Vederman was acting in his judicial capacity and with jurisdiction. Although Plaintiff claims that Judge Vederman conspired with other Defendants and acted "in the clear absence of jurisdiction" (*id.*, ¶ 25), Plaintiff has failed to allege facts to support these claims. Legal conclusions couched as factual allegations are not entitled to the assumption of truth.

---

on the Laz Paz County Board of Supervisors. *See* Doc. 11-1 at 5-17.

*Iqbal*, 556 U.S. at 678. Plaintiff's claims against Judge Vederman will be dismissed.

### C. Section 1983 Claims Against Municipal Entities.

Plaintiff has brought § 1983 claims against three municipal defendants: La Paz County, La Paz County Board of Supervisors, and the Town of Quartzsite. Doc. 1. Municipalities are considered "persons" under § 1983 and therefore may be liable for causing a constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). A municipality, however, "cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under [§ 1983] under a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Ulrich v. City & Cnty. of S.F..*, 308 F.3d 968, 984 (9th Cir. 2002). Liability attaches only where the municipality itself causes the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694; *Ulrich*, 308 F.3d at 984.

A municipality may be liable under § 1983 for the conduct of a municipal employee when the employee's conduct was the result of (1) an expressly adopted official policy; (2) a longstanding practice or custom that constitutes the standard operating procedure of the municipality; (3) a decision of an official (or a subordinate with delegated authority) who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in his area of decision; or (4) a municipality's failure to train its employees when the failure to train amounts to deliberate indifference to the rights of others. *See Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004); *see also City of Canton v. Harris*, 489 U.S. 378, 388 (1989). After proving one of the above methods of liability, the plaintiff must show that the challenged municipal conduct was both the cause in fact and the proximate cause of the constitutional deprivation. *See Harper v. City of L.A.*, 533 F.3d 1010, 1026 (9th Cir. 2008).

In his complaint, Plaintiff explains how employees of the Town of Quartzsite improperly arrested him and how employees of La Paz County improperly prosecuted him. Doc. 1, ¶¶ 3-28. Not once does Plaintiff explain how the employees' actions were the product of a policy or custom of the municipal Defendants or a result of their failure to train their employees. Rather, Plaintiff simply states that "Causes of Action 1-8 reflect a custom or practice in La Paz County to violate a U.S. citizen's rights." *Id.*, ¶ 76. This allegation is insufficient to state a claim under § 1983. Merely stating that municipal employees violated Plaintiff's constitutional rights and that this reflected a "custom or practice" of the municipal defendants does not "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1147-50 (E.D. Cal. 2009) (coming to same conclusion based on similar facts and discussing pleading requirements).[3]

Nor has Plaintiff argued that the municipal Defendants are liable due to the "decision[s] of a decision-making official who was, as a matter of state law, a final policymaking authority[.]" *Price*, 513 F.3d at 966. Thus, Plaintiff has not stated the legal theory under which the municipal defendants are to be held liable and has not alleged sufficient facts in support of that theory. *See, e.g.*, *Starr*, 652 F.3d at 1216 ("[The complaint] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). Plaintiff's § 1983 claims against La Paz County, La Paz County Board of Supervisors, and the Town of Quartzsite will be dismissed.

/ / /

---

[3] The Ninth Circuit has stated that "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Shah v. Cnty. of L.A.*, 797 F.2d 743, 747 (9th Cir. 1986)). In light of the Supreme Court's recent pleading jurisprudence, however, the Ninth Circuit has clarified that to adequately plead a clam of municipal liability under § 1983, a complaint "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts[.]'" *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr*, 652 F.3d at 1216; *see also Mateos-Sandoval v. Cnty. of Sonoma*, 942 F. Supp. 2d 890, 898-99 (N.D. Cal. 2013).

**D.     State Law Claims Against La Paz County Municipal Defendants.**

Plaintiff has brought state law claims against Defendants La Paz County and La Paz County Board of Supervisors. These claims are for malicious prosecution, false imprisonment, and intentional infliction of emotional distress. Doc. 1, ¶¶ 34-48. Plaintiff presumably asserts these claims on the basis of *respondeat superior*. Thus, the liability of the La Paz County Defendants "would depend on the necessary finding of liability on the part of their agent." *Mulligan v. Grace*, 666 P.2d 1092, 1094 (Ariz. Ct. App. 1983). The only two possible agents of the La Paz County Defendants are Defendants Tony Rogers and Robin Puchek.[4] Because the Court finds that neither of the agents is liable for the alleged torts, the Court concludes that the La Paz County Defendants are not liable.

**1.     Liability of Defendant Rogers.**

Arizona law recognizes that prosecutors have absolute immunity from civil liability for actions taken "within the scope of his or her authority and in a quasi-judicial capacity. The prosecutor's 'scope of authority' includes those activities with some connection to the general matters committed to the prosecutor's control or supervision. 'Quasi-judicial' activities are those that are intimately associated with the judicial process." *Arizona v. Superior Court*, 921 P.2d 697, 700 (Ariz. Ct. App. 1996) (citing *Gobel v. Maricopa County*, 867 F.2d 1201, 1203 (9th Cir. 1989)); *see also Challenge, Inc. v. Arizona*, 673 P.2d 944, 948 (Ariz. Ct. App. 1983).

Plaintiff alleges that Defendant Rogers, while presenting charges against Plaintiff to a grand jury, failed to explain a part of a statute and elicited fraudulent testimony from a police officer. Doc. 1, ¶¶ 16-18. Even if Plaintiff's allegations are true, Rogers was acting within the scope of his authority and in a quasi-judicial capacity when he presented evidence and explained the law to the grand jury. Because Rogers cannot be liable for malicious prosecution under Arizona law, neither can the La Paz County Defendants be

---

[4] Defendant Vederman also works in La Paz County, but, as discussed above, all claims against him will be dismissed.

liable on the basis of *respondeat superior*. *See Mulligan*, 666 P.2d at 1094; *see also Sanchez v. Maricopa Cnty.*, No. CV07-1244-PHX-JAT, 2007 WL 2903027, at *4 (D. Ariz. Oct. 2, 2007) ("Because the Court found that the individual prosecutors are absolutely immune, the County has no liability on the state claims.").

### 2. Liability of Defendant Puchek.

Plaintiff has brought claims for malicious prosecution, false imprisonment, and intentional infliction of emotional distress against the La Paz County Defendants and Defendant Puchek. Doc. 1, ¶¶ 34-48. Plaintiff has failed, however, to allege essential elements of each of these torts. For a claim of malicious prosecution, Plaintiff must show that Puchek initiated or procured a criminal proceeding against Plaintiff. *See Slade v. City of Phoenix*, 541 P.2d 550, 552 (Ariz. 1975); *Meadows v. Grant*, 486 P.2d 216, 217 (Ariz. Ct. App. 1971). For a claim of false imprisonment, Plaintiff must show that "the defendant acted with intent to confine another person within boundaries fixed by the defendant[.]" *Hart v. Seven Resorts Inc.*, 947 P.2d 846, 855 (Ariz. Ct. App. 1997). For a claim of intentional infliction of emotional distress, Plaintiff must show that Puchek's actions were "'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (quoting *Cluff v. Farmers Ins. Exch.*, 460 P.2d 666, 668 (Ariz. Ct. App. 1969)).

Plaintiff alleges that Puchek, while acting as Plaintiff's lawyer, withheld a grand jury transcript for 34 days. Doc. 1, ¶¶ 22, 69. These facts do not show that Puchek initiated or procured a criminal proceeding against Plaintiff or falsely imprisoned Plaintiff. Nor does Puchek's conduct fit the tort of intentional infliction of emotional distress, which usually requires "stark and repulsive facts that strike at very personal matters, such as willful ignorance of rampant sexual harassment." *Demetrulias v. Wal-Mart Stores Inc.*, 917 F. Supp. 2d 993, 1012 (D. Ariz. 2013) (citations omitted). Plaintiff

has failed to state a claim for these torts against Puchek and the La Paz County Defendants.

### E. Section 1983 Claims for Unreasonable Search and Seizure.

Plaintiff claims under § 1983 that Officer Robert Brady, Officer Jesse Newton, and the Town of Quartzsite subjected him to an unreasonable stop and arrest. Doc. 1, ¶¶ 52-65. Under the Fourth Amendment, a police officer generally must have probable cause to arrest a person without a warrant. *Maryland v. Pringle*, 540 U.S. 366, 370 (2003). To briefly detain or stop a person, an officer must have a "reasonable suspicion" of criminal conduct. *United States v. Arvizu*, 534 U.S. 266, 273 (2002). In considering alleged violations of the Fourth Amendment, the Court undertakes an objective assessment of an officer's actions in light of the facts and circumstances then known to the officer. *See Scott v. United States*, 436 U.S. 128, 137 (1978).

As discussed above, Plaintiff has failed to state a § 1983 claim against the Town of Quartzsite. In regard to Defendants Brady and Newton, the relevant portions of Plaintiff's complaint state:

> 11. On September 26, 2013, Plaintiff was stopped without reasonable suspicion by Defendants Brady and Newton in the desert of Quartzsite, AZ.
>
> 12. Newton arrests me while Brady proceeds to search a van that is parked nearby. The dispatch was for a "male with a rifle."
>
> 13. During his illegal search of the vehicle, Brady finds a gun. After the search they run a check and find the van is registered to someone else.
>
> 14. Plaintiff is taken to jail and charged with . . . misconduct involving weapons and unlawful discharge of firearms[.]"
>
> 31. The arrest was without probable cause because the Defendants arrived and arrested Plaintiff based on a dispatch for subject with a rifle.

The issue is whether, based on these allegations, Plaintiff has plausibly claimed that Defendants deprived him of his Fourth Amendment right to be free from an unreasonable seizure. Some of Plaintiff's allegations – for example, that Plaintiff was stopped "without reasonable suspicion" and arrested "without probable cause" – are legal

conclusions that are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. The remaining allegations suggest that the police, based on a notice about a "man with a rifle," detained Plaintiff, searched a nearby van, found a gun, learned that the van belonged to someone else, and then arrested Plaintiff for misconduct involving weapons. Construed liberally, these allegations suggest that the officers lacked probable cause to arrest Plaintiff for a weapons offense because they knew that the van where the gun was found belonged to someone else. These allegations do not show that the officers stopped Plaintiff without reasonable suspicion. Beyond the statement that Defendants stopped him on the basis of a dispatch about a man with a rifle, the complaint does not show the circumstances of the initial stop or how it was made without reasonable suspicion.

### F. Section 1983 Claim For Malicious Prosecution.

The Ninth Circuit has recognized a § 1983 claim for "malicious prosecution with the intent to deprive a person of equal protection of the law or otherwise to subject a person to a denial of constitutional rights[.]" *Poppell v. City of San Diego*, 149 F.3d 951, 961 (9th Cir. 1998) (citing *Usher v. City of L.A.*, 828 F.2d 556, 562 (9th Cir. 1987)); *see also Albright v. Oliver*, 510 U.S. 266 (1994). "In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'" *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (citing *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). "A criminal defendant may maintain a malicious prosecution claim not only against prosecutors but also against others – including police officers and investigators – who wrongfully caused his prosecution." *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (citing *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002)).

Plaintiff brings his § 1983 claim for malicious prosecution against all Defendants. As discussed earlier, Plaintiff has failed to state a § 1983 claim against Defendants Vederman, La Paz County, La Paz County Board of Supervisors, and the Town of

Quartzsite. The Court will consider Plaintiff's malicious prosecution claim against the remaining Defendants.

### 1.     **Defendant Tony Rogers.**

Defendant Tony Rogers is a prosecutor for La Paz County. Doc. 1, ¶ 8. A prosecutor is absolutely immune from civil liability under § 1983 for those "'activities . . . intimately associated with the judicial phase of the criminal process.'" *Stapley v. Pestalozzi*, 733 F.3d 804, 809 (9th Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Thus, it is "'the nature of the function performed, not the identity of the actor who performed it' [that] informs the absolute immunity analysis." *Id.* (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler*, 424 U.S. at 431. Furthermore, a prosecutor is absolutely immune from civil liability for his conduct before grand juries. *See Burns v. Reed*, 500 U.S. 478, 490 & n.6 (1991); *see also Yaselli v. Goff*, 12 F.2d 396 (2d Cir. 1926), *aff'd*, 275 U.S. 503 (1927). This immunity extends to "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993); *see also Imbler*, 424 U.S. at 425.

As already noted, Plaintiff alleges Defendant Rogers failed to explain part of a statute to a grand jury and elicited fraudulent testimony from a police officer. Doc. 1, ¶¶ 16-18. These allegations fall squarely within the doctrine of prosecutorial immunity. Plaintiff's § 1983 claim for malicious prosecution against Defendant Rogers will be dismissed.

### 2.     **Defendant Robin Puchek.**

Defendant Robin Puchek is a public defender who works for La Paz County. Doc. 1, ¶¶ 9, 69. To state a claim under § 1983, Plaintiff must allege that Puchek was acting under color of state law. *See Thornton* , 425 F.3d at 1163-64. The Supreme Court has found that "a public defender does not act under color of state law when performing a

- 12 -

lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see Jackson v. Brown*, 513 F.3d 1057, 1079-80 (9th Cir. 2008). Plaintiff's claim against Puchek is based on Puchek's actions as his lawyer. Doc. 1, ¶¶ 22, 69. Plaintiff has therefore failed to allege that Puchek was acting under the color of state law and his § 1983 claim against her will be dismissed.

### 3. Defendants Brady and Newton.

"A criminal defendant may maintain a malicious prosecution claim not only against prosecutors but also against others – including police officers and investigators – who *wrongfully caused* his prosecution." *Smith*, 640 F.3d at 938 (emphasis added). The Ninth Circuit has not defined what is the minimal conduct necessary to "wrongfully cause" a prosecution. The Ninth Circuit has found that a "coroner's reckless or intentional falsification of an autopsy report that plays a material role in the false arrest and prosecution of an individual can support a claim" for malicious prosecution under § 1983. *Galbraith*, 307 F.3d at 1126. Similarly, a police officer's "false statements and failure to disclose material information to the prosecutor" may support a claim for malicious prosecution. *Smith*, 640 F.3d at 938. Finally, claims that an officer "illegally arrested him, contrived charges to justify the arrest, [and] submitted false police reports" are sufficient. *Usher*, 828 F.2d at 562; *see also Lovejoy v. Arpaio*, No. CV09-1912-PHX-NVW, 2010 WL 466010, at *15 (D. Ariz. Feb. 10, 2010).[5]

Plaintiff's complaint alleges that Officers Brady and Newton arrested him without probable cause. Doc. 1, ¶¶ 11-14. The complaint then alleges that the prosecutor, Defendant Rogers, presented charges against Plaintiff to a grand jury. Doc., ¶ 17. There

---

[5] Ordinarily, "the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings." *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 944 (N.D. Cal. 2014) (citing *Awabdy*, 368 F.3d at 1067). But "the presumption of prosecutorial independent judgment is an evidentiary presumption that is applicable at the summary judgment stage to direct the order of proof; 'it is not a pleading requirement to be applied to a motion to dismiss, before discovery has taken place.'" *Id.* at 945 (quoting *Galbraith*, 307 F.3d at 1126). The Court is not addressing here the presumption of prosecutorial independence. Rather, the Court is addressing whether Plaintiff has adequately alleged that Defendants "wrongfully caused" Plaintiff's prosecution.

- 13 -

are no allegations that Officers Brady and Newton falsified reports, contrived charges, or failed to disclose material information to the prosecutor. Indeed, there are no allegations connecting the officers to the prosecution beyond their initial decision to arrest. Plaintiff has failed to state a claim for malicious prosecution against Officers Brady and Newton.

### G. Equal Protection Claim.

Stating that he is a "class of one," Plaintiff claims that all Defendants violated his rights under the Equal Protection Clause. Doc. 1, ¶¶ 77-79. The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *see Engquist v. Or. Dep't of Agr.*, 553 U.S. 591 (2008); *Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1021-22 (9th Cir. 2011). A plaintiff may also state an equal protection claim where he alleges that a selective enforcement of a valid law is a pretext for the improper motive of discriminating against him personally. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996); *Wayte v. United States*, 470 U.S. 598, 608 (1985).

Plaintiff's complaint is devoid of allegations that would support a "class of one" claim. Plaintiff does not explain how Defendants treated him differently from other persons, nor does he argue that Defendants prosecuted him for a discriminatory purpose. He simply asserts that Defendants unreasonably arrested and prosecuted him. Plaintiff's Equal Protection Claim will be dismissed.

## III. Leave to Amend.

The Court has found that, except for Plaintiff's § 1983 claim for an unreasonable arrest against Defendants Brady and Newton, Plaintiff has failed to state a claim. "[I]n dismissing for failure to state a claim under Rule 12(b)(6), '"a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."' *Lopez*, 203 F.3d at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). When

dismissing a *pro se* litigant's complaint, the "rule favoring liberality in amendments to pleadings is particularly important[.]" *Id.* at 1131 (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

Plaintiff's claims against Defendants Vederman and Rogers cannot be cured by further amendment. His claims against these Defendants relate to actions they took while judging or prosecuting his case, for which they are protected by immunity under both federal and state law. Plaintiff's § 1983 claims against Defendant Puchek also cannot be cured. While serving as Plaintiff's public defender, Puchek was not acting "under color of state law" and therefore cannot be liable under § 1983. If Plaintiff chooses to file an amended complaint, Plaintiff may not re-assert these claims against these Defendants.

The Court finds that Plaintiff's remaining claims could possibly be cured by amendment. Plaintiff is granted leave to amend his complaint with respect to his federal and state law claims against Defendants La Paz County, La Paz County Board of Supervisors, the Town of Quartzsite, Officer Robert Brady, and Officer Jesse Newton. Plaintiff may also re-allege his state law claims against Defendant Puchek.

Should Plaintiff choose to file an amended complaint, he must do so within 45 days of this Order. The Court reminds Plaintiff that, for his state law claims, Plaintiff must clearly show that he served a notice of his claim on *each* Defendant against whom he is asserting state law claims. *See* A.R.S. § 12–821.01. He must show that he served the notice of claim within one hundred and eighty days after his cause of action accrued. *Id.* Compliance with the notice of claim requirement is a mandatory prerequisite to bringing a civil action against public entities and employees under Arizona law. *See Salerno v. Espinoza*, 115 P.3d at 628.

For his § 1983 claims, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's

- 15 -

constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed.

Plaintiff's § 1983 claim for an unreasonable arrest against Defendants Brady and Newton must be included in his amended complaint. The claim will be deemed abandoned if not included in the new pleading.

## IV. Warning.

Plaintiff is warned that if he fails to file an amended complaint within 45 days of this order, the case will be dismissed. Plaintiff is further warned that if he fails to prosecute this action, or if he fails to comply with the rules or any court order, the action may be dismissed pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. Defendants Brady, Newton, and Town of Quartzsite's motion to dismiss (Doc. 20) is **granted in part.**
2. Defendants Vederman, Rogers, Puchek, La Paz County, and La Paz County Board of Supervisors' motions to dismiss (Docs. 11, 22) are **granted.**
3. Plaintiff's claims against Defendants Samuel Vederman and Tony Rogers, and his § 1983 claim against Defendant Puchek, are **dismissed with prejudice.**
4. Plaintiff's motion to stay (Doc. 28) is **denied.**
5. Plaintiff's motion for temporary address change (Doc. 32) is **granted.**

6. Plaintiff shall file an amended complaint on or before **March 16, 2015** (**45 days** from the date of this Order).

Dated this 28th day of January, 2015.

*David G. Campbell*
United States District Judge