**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Johnson,<br><br>                    Plaintiff,<br><br>v.<br><br>Robert Brady, et al.,<br><br>                    Defendants. | No. CV-14-01875-PHX-DGC<br><br>**ORDER** |

In September of 2013, Officers Brady and Newton stopped and arrested Derrick Johnson for misconduct involving weapons. Shortly after securing an indictment against Johnson, the local prosecutor dismissed the charges. Johnson then filed a civil action against almost every public entity and employee involved in these events. Doc. 1. On Defendants' motions, the Court dismissed all of Johnson's claims except for his § 1983 claim of false arrest against Officers Brady and Newton. The Court also granted leave to amend. Johnson has now filed his amended complaint (Doc. 44), Defendants have filed new motions to dismiss (Docs. 49-52), and Johnson has responded (Docs. 54-55). The Court will grant the motions to dismiss in part.

**I.     Analysis.**

Plaintiff has named as defendants Officers Robert Brady and Jesse Newton. The two officers work in the Town of Quartzsite and participated in Plaintiff's arrest. Plaintiff has also sued County Attorney Tony Rogers, Public Defender Robin Puchek, Public Defender Fred Welch, and Judge Samuel Vederman, all of whom were involved in

Plaintiff's criminal case. These Defendants work in La Paz County and Plaintiff has sued La Paz County and the La Paz County Board of Supervisors ("La Paz County Defendants").

Because this is the second round of motions to dismiss and Plaintiff's amended complaint is similar to the first, the Court will deal with these issues in short order. The Court notes that Fred Welch has not yet been served, and Defendants Tony Rogers and La Paz County Board of Supervisors have not joined the motions to dismiss. But because this is an IFP proceeding (Doc. 8), the Court may independently determine whether the complaint states a claim against these Defendants. *See* 28 U.S.C. § 1915(e)(2) (a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]"). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**A.  Claims Against Defendants Samuel Vederman & Tony Rogers.**

In an earlier order, the Court found that "Plaintiff's claims against Defendants Vederman and Rogers cannot be cured by further amendment. His claims against these Defendants relate to actions they took while judging or prosecuting his case, for which they are protected by immunity under both federal and state law. . . . If Plaintiff chooses to file an amended complaint, Plaintiff may not re-assert these claims against these Defendants." Doc. 37 at 15. Plaintiff has nonetheless re-asserted his claims against these Defendants. His new factual allegations do not overcome their immunity. Plaintiff argues that raising immunity as a defense in a motion to dismiss is improper. Doc. 55. Plaintiff is wrong, and the Court will dismiss Defendants Vederman and Rogers.

**B.  State-Law Claims.**

All of the Defendants in this case are public entities or employees. Under Arizona law, persons with "claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public

employee . . . within one hundred eighty days after the cause of action accrues." A.R.S. § 12–821.01. Notice of the claim must be given to *both* the employee individually and his employer. *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007). "Compliance with the notice [requirement] is a 'mandatory' and 'essential' prerequisite to [a civil] action and a plaintiff's failure to comply 'bars *any* claim.'" *Salerno v. Espinoza*, 115 P.3d 626, 628 (Ariz. Ct. App. 2005) (emphasis in original) (citations omitted). Plaintiff still has not alleged or proven that he served a notice of his claim on Defendants Rogers, Brady, Newton, Puchek, Welch, and the Town of Quartzsite. For that reason, his state-law claims against these Defendants will be dismissed.

Plaintiff did file a notice of claim with the La Paz County Board of Supervisors. Doc. 11-1 at 5-17. His state-law claims against the La Paz County Defendants are for malicious prosecution, false imprisonment, and intentional infliction of emotional distress. Doc. 48, ¶¶ 41-54. Plaintiff presumably asserts these claims against the La Paz County Defendants on the basis of *respondeat superior*. Thus, their liability "would depend on the necessary finding of liability on the part of their agent." *Mulligan v. Grace*, 666 P.2d 1092, 1094 (Ariz. Ct. App. 1983). The only possible agents of the La Paz County Defendants are Defendants Tony Rogers, Robin Puchek, Judge Vederman, and Fred Welch. Vederman and Rogers cannot be liable. Thus, the La Paz County Defendants' liability must depend on that of Puchek or Welch. Plaintiff's allegations against these Defendants are as follows:

> 20. On 10/2/13, Defendant Puchek was assigned to represent Plaintiff as a public defender. In a letter . . . that was dated 10/2/13, he wrote to inform Plaintiff of a scheduled preliminary hearing on 10/7/13.
>
> 25. On 12/4/13, Plaintiff first received a copy of certified grand jury transcript from Defendant Puchek, 34 days after being filed.
>
> 26. On 12/7/13, Plaintiff submitted a motion . . . to discharge Puchek from representing Plaintiff for intentional misconduct that included withholding grand jury transcript. Failure to inform Plaintiff of grand jury indictment and failure to move for suppression of evidence were additional acts by Puchek that were in furtherance of the conspiracy to maliciously prosecute Plaintiff.
>
> 28. Then, Vederman appointed Welch as Plaintiff's counsel

- 3 -

> 32. On 1/13/14, prior to an illegal motion to remand hearing . . . for the 12/27/13 motion, I met with Welch for the first time and informed him of the basis of this hearing. At the hearing Welch presented an oral argument and excluded Rules 12.6 and 12.8(c). Vederman denied Plaintiff's motion to remand. I orally motioned that Welch be discharged, but Vederman allowed him to withdraw instead. By excluding Plaintiff's reasons for a motion to remand, Welch acted in furtherance of the conspiracy to maliciously prosecute the Plaintiff.

The Court finds that these allegations would not make Defendants Puchek and Welch liable for malicious prosecution, false imprisonment, or intentional infliction of emotional distress. *See* Doc. 37 at 9. There being no basis for the La Paz County Defendants' liability, the Court will dismiss Plaintiff's state-law claims against these Defendants.

**B.     Section 1983 Claims.**

To prevail on a claim under § 1983, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges, or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005). Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a claim. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**1.     Claims Against Municipal Entities.**

Plaintiff re-alleges his § 1983 claims against three municipal defendants: La Paz County, La Paz County Board of Supervisors, and the Town of Quartzsite. A municipality may be liable under § 1983 for the conduct of a municipal employee when the employee's conduct was the result of (1) an expressly adopted official policy; (2) a longstanding practice or custom that constitutes the standard operating procedure of the municipality; (3) a decision of an official (or a subordinate with delegated authority) who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in his area of decision; or (4) a municipality's failure to train its employees when the failure to train amounts to deliberate indifference to the rights of others. *See Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004); *see also City of Canton v. Harris*, 489 U.S. 378, 388

(1989).  A municipality, however, "cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under [§ 1983] under a *respondeat superior* theory."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Plaintiff makes the following allegations that are relevant to the liability of the municipal defendants:

> 68.  Defendant Town of Quartzsite's liability arises through respondeat superior and a deliberate indifference to the rights of others.  On 9/26/13, defendants Brady and Newton showed a lack of training when they arrested Plaintiff.
>
> 69.  At all times complained herein, defendants Brady and Newton were acting under the color of state law, pursuant to their authority as Quartzsite Police Department officers, and were acting in the course of and within the scope of their employment with the QPD.
>
> 75.  The QPD operates under the supervision and control of the Town of Quartzsite.  The actions of defendants Brady and Newton are and were at all material times the actions of both Town of Quartzsite and defendant QPD, and reflected the policy and procedures of these defendants.
>
> 88.  These Causes of Action 1-11 reflect a custom or practice in La Paz County to violate a U.S. citizen's rights.
>
> 89.  The La Paz County Attorney's Office (LPCAO) operates under the supervision and control of La Paz County.  The defendant Rogers was a county attorney for LPCAO.  His actions are and were at all material times the actions of both La Paz County and the defendant LPCAO, and reflected the policy and procedures of these defendants.
>
> 90.  [Same for Public Defender's Office in La Paz County.]

The Court finds these allegations insufficient.  To adequately plead a claim of municipal liability under § 1983, a complaint "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts[.]'"  *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  Plaintiff sets forth virtually no facts supporting his conclusory allegations of municipal liability.  The Court will dismiss the § 1983 claims against the municipal Defendants.

### 2.     Claims Against Officers Brady and Newton.

Plaintiff has alleged five claims against Officers Brady and Newton under § 1983.  The first claim is for false arrest.  As discussed in the Court's previous order, Plaintiff has

alleged sufficient facts to state a claim for false arrest. Plaintiff alleges that the officers, based on a notice about a "man with a rifle," detained Plaintiff, searched a nearby van, found a gun, learned that the van belonged to someone else, and then arrested Plaintiff for misconduct involving weapons. Construed liberally, these allegations suggest that the officers lacked probable cause to arrest Plaintiff for a weapons offense because they knew that the van where the gun was found belonged to someone else. In their motion, Brady and Newton do not move to dismiss this claim.

The second claim is for unreasonable search and seizure. In his complaint, Plaintiff does not explain how this claim is different from his claim for false arrest. Rather, he states that Brady and Newton violated his "right to be free from unreasonable search and seizure." As noted in the Court's earlier order, Plaintiff has not alleged sufficient facts to state a claim that the officers unreasonably stopped or searched him. The Court will dismiss this claim.

The third claim is for malicious prosecution. "A criminal defendant may maintain a malicious prosecution claim not only against prosecutors but also against others – including police officers and investigators – who wrongfully caused his prosecution." *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011). A police officer's "false statements and failure to disclose material information to the prosecutor" may support a claim for malicious prosecution. *Id.* at 938. Similarly, allegations that an officer "illegally arrested him, contrived charges to justify the arrest, [and] submitted false police reports" may be sufficient. *Usher*, 828 F.2d at 562. In his amended complaint, Plaintiff has added one allegation relevant to his malicious prosecution claim: "Defendants Brady and Newton did not have reasonable suspicion to stop or probable cause to arrest Plaintiff and were a factor in initiating and/or continuing a malicious prosecution against Plaintiff." Doc. 48, ¶ 79. As the Court previously found, this is insufficient. There are no allegations that Officers Brady and Newton falsified reports, contrived charges, failed to disclose material information to the prosecutor, or otherwise wrongfully participated in the prosecution beyond the initial decision to arrest.

The fourth claim, one not present in the original complaint, is for conspiracy to deprive Plaintiff of civil rights. To allege a conspiracy under § 1983, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (quotation marks and citation omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* at 441. This agreement or meeting of the minds may be inferred on the basis of circumstantial evidence, such as the actions of the defendants. *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999). A showing that defendants committed acts that "are unlikely to have been undertaken without an agreement" may support the inference of conspiracy. *Id.*

Plaintiff has stated a claim for conspiracy. If, as Plaintiff alleges, both officers stopped Plaintiff, knew that the gun they found did not belong to Plaintiff, yet nonetheless arrested him for misconduct involving that gun, a reasonable inference is that the officers had agreed to arrest Plaintiff without probable cause. As another court found, "it is reasonable to infer that the police officers tacitly agreed to falsely arrest Plaintiff since all officers on the scene are alleged to have participated in the [false arrest]." *Slade v. Gates*, No. 01-8244-RMT, 2002 WL 31357043, at *2 (C.D. Cal. Oct. 2, 2002).

The fifth claim is for a violation of the Equal Protection Clause. As discussed below, this claim will be dismissed.

**3. Section 1983 Claims Against Puchek and Welch.**

The Court previously dismissed with prejudice Plaintiff's claims against Defendant Puchek. Plaintiff ignored this dismissal, re-alleged his claims against Puchek, and included new claims against his second public defender, Fred Welch. To state a claim under § 1983, Plaintiff must allege that Puchek and Welch were acting under color of state law. *See Thornton*, 425 F.3d at 1163-64. A public defender, however, "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325

1  (1981). Plaintiff's allegations against Puchek and Welch relate to actions they took as counsel to Plaintiff in criminal proceedings. Plaintiff's § 1983 claims against these Defendants will be dismissed.

### 4. Equal Protection Claim.

Plaintiff re-alleges his claim that all Defendants violated his rights under the Equal Protection Clause. Doc. 44, ¶¶ 91-94. The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). A plaintiff may also state an equal protection claim where he alleges that a selective enforcement of a valid law is a pretext for the improper motive of discriminating against him personally. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996); *Wayte v. United States*, 470 U.S. 598, 608 (1985).

Plaintiff's amended complaint contains one new allegation that is relevant to his equal protection claim:

> 92. Plaintiff was intentionally treated different from other U.S. citizens. Defendants Rogers, Puchek, Welch, and Vederman were motivated by a spiteful effort to get Plaintiff to accept a plea deal for a crime that they knew Plaintiff did not commit. Their actions' were wholly unrelated to any legitimate state objective.

In addition to the fact that each of these Defendants is immune from suit, the Court finds this to be a legal conclusion couched as a factual allegation and therefore not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. Plaintiff alleges no facts to support his conclusory assertion. Plaintiff's equal protection claim is dismissed.

## II. Plaintiff's Motions.

Plaintiff has filed two motions. The first is motion to strike portions of Defendants' motions to dismiss. Doc. 57. Plaintiff argues that Defendants may not raise the following issues in a motion to dismiss: "immunity, lack of notice, facts do not support claim, not under 'color of state law', and other defenses . . . ." Doc. 57 at 2. The Court disagrees. All of the identified issues are relevant to deciding whether Plaintiff has

stated a claim. For instance, if a defendant is immune or Plaintiff has not given a defendant a notice that is required by law, Plaintiff's claim against that defendant must fail and may be properly dismissed.

Plaintiff also moves to compel the clerk to file motions in order. Doc. 64. Plaintiff complains that the clerk did not docket Plaintiff's motions in the order in which they were received. But the order in which motions are docketed is irrelevant when deciding whether the motions are meritorious. Plaintiff's motions will be denied.

**III.   Leave to Amend.**

Ordinarily, a district court should grant leave to amend after dismissing for failure to state a claim. But leave to amend may be denied in cases of undue delay, bad faith or dilatory motives on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court will deny further leave to amend. Plaintiff has re-pled claims the Court dismissed with prejudice, he has failed to cure the deficiencies identified in the Court's earlier order, and the case management order's deadline for amending pleadings has passed. Doc. 26.

As the case stands, Plaintiff has two claims against Defendants Robert Brady and Jesse Newton. These are section 1983 claims for false arrest and civil conspiracy. Plaintiff's other claims will be dismissed with prejudice. This means that Plaintiff may not re-allege or re-assert these claims in another complaint.

If Plaintiff fails to prosecute this case, or if he fails to comply with the rules or any court order, the case may be dismissed pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. Defendants Vederman, La Paz County, and Puchek's motions to dismiss (Docs. 49, 50) are **granted.**

2. Defendants Brady, Newton, and Town of Quartzsite's motion to dismiss

- 9 -

(Doc. 51) is **granted in part.**

3. Defendants Brady, Newton, and Town of Quartzsite's motion to extend time to answer (Doc. 52) is **granted.**

4. Plaintiff's motions to strike and compel (Docs. 57, 64) are **denied.**

5. Plaintiffs' claims against Defendants Vederman, Rogers, Puchek, Welch, Town of Quartzsite, La Paz County, and La Paz County Board of Supervisors are **dismissed with prejudice.**

Dated this 17th day of June, 2015.

David G. Campbell
United States District Judge