**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Johnson, | No. CV-14-01875-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Robert Brady, et al., | |
| Defendants. | |

Defendants La Paz County, La Paz County Board of Supervisors, La Paz County Attorney Tony Rogers, and La Paz County Deputy Public Defender Robin Puchek seek entry of a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. Doc. 69. Plaintiff has failed to respond. The Court will deny the motion.

**I.   Background.**

Plaintiff Derrick Johnson was stopped and arrested for misconduct involving weapons in September 2013. Shortly after securing an indictment against Plaintiff, the local prosecutor dismissed the charges. Plaintiff then filed a civil action against nearly every public entity and employee involved in the arrest and indictment. Doc. 1. The Court dismissed all of Plaintiff's claims except for the 42 U.S.C. § 1983 claim of false arrest against two Defendants, Officers Robert Brady and Jesse Newton. Plaintiff then filed an amended complaint (Doc. 44) and Defendants sought dismissal (Docs. 49-51). The Court once again dismissed all of Plaintiff's claims except the § 1983 claim against

Brady and Newton. Doc. 65. Defendants then filed a Rule 54(b) motion for entry of final judgment with respect to the dismissed claims. Doc 69.

## II.     Legal Standard.

Rule 54(b) provides that when more than one claim for relief is presented in an action, or when multiple parties are involved, the district court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Judgment under Rule 54(b) is appropriate when there are distinct and severable claims and where immediate review of the adjudicated claims will not result in later duplicative proceedings at the trial or appellate level. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-79 (9th Cir. 2005). Judgment under Rule 54(b) is not appropriate in routine cases where the risk of "multiplying the number of proceedings and of overcrowding the appellate docket" outweighs the "pressing needs of the litigants for an early judgment." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981); *but see Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (finding Rule 54(b) relief appropriate when: (1) the dismissed and remaining claims were sufficiently severable, both factually and legally; (2) the size and complexity of the case was not routine; and (3) it effectively streamlined further litigation). Judgment under Rule 54(b) is appropriate only to avoid harsh and unjust results. *Archer*, 655 F.2d at 965.

## III.    Analysis.

Defendants provide three reasons why this case is "one of those unique circumstances where a Rule 54(b) judgment is appropriate." Doc. 69 at 7. First, Defendants argue that the dismissed claims are separate, distinct, and independent of the remaining false arrest claim. *Id*. Second, they argue that the adjudicated claims would not be mooted by any future developments in the remaining claims. *Id*. Third, they argue that "the nature of the claims is such that the appellate court will not have to decide the same issues more than once, even if there were separate appeals." *Id*. (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 6 (1980); *Wood*, 422 F.3d at 878).

Defendants have failed to identify sufficiently unique circumstances to justify Rule 54(b) relief. Defendants instead identify relatively routine circumstances. Plaintiffs commonly sue multiple defendants on several theories stemming from a single incident. All of the claims in this case arise out of Plaintiff's arrest and subsequent detention. The remaining false arrest claim and the dismissed claims are factually related. The risk of overcrowding the appellate docket and the potential for piecemeal appeals outweigh the benefit of an early judgment. In addition, Defendants have not shown a pressing need for entry of a final judgment. *Archer*, 655 F.2d at 965. Nor have they shown that a Rule 54(b) judgment is "necessary to avoid a harsh and unjust result." *Id*.

**IT IS ORDERED** that Defendants' motion for entry of final judgment (Doc. 69) is **denied**.

Dated this 23rd day of October, 2015.

_____
David G. Campbell
United States District Judge