**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Johnson, an individual, | No. CV-14-01875-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Officer Robert Brady, et al., | |
| Defendants. | |

Plaintiff filed a pro se complaint against Defendants on August 22, 2014. Doc. 1. On October 10, 2014, Defendants La Paz County, La Paz County Board of Supervisors, County Attorney Rogers, and County Public Defender Puchek filed a motion to dismiss. Doc. 11. On November 4, 2014, Defendants Brady, Newton, and the Town of Quartzsite filed a motion to dismiss. Doc. 20. On November 7, 2014, Defendant Samuel Vederman filed a motion to dismiss. Doc. 22. The Court entered an order on January 28, 2015 dismissing Plaintiff's complaint: (1) in part against Defendants Brady, Newton, and the Town of Quartzsite; (2) entirely as to Defendants Vederman, Rogers, Puchek, La Paz County, and La Paz County Board of Supervisors; (3) with prejudice against Defendants Vederman and Rogers; and (4) with prejudice as to Plaintiff's § 1983 claim against Defendant Puchek. Doc. 37. Plaintiff was ordered to file an amended complaint by March 16, 2015. *Id.* at 17.

Plaintiff failed to notify the Court of his change of address, and mail was returned to the Court on February 12 and 23, 2015. Docs. 40, 41. The Court granted Plaintiff additional time to file an amended complaint, extending the deadline to May 1, 2015. Doc. 43. Plaintiff filed an amended complaint on April 24, 2015. Doc. 44. Defendants filed motions to dismiss the amended complaint. Docs. 49, 50, 51. On June 17, 2015, the Court dismissed with prejudice Plaintiff's amended allegations against Defendants Vederman, Rogers, Puchek, Welch, Town of Quartzsite, La Paz County, and La Paz County Board of Supervisors. Doc. 65. Only Defendants Brady and Newton remained.

On June 1, 2015, Plaintiff filed an interlocutory appeal (Doc. 62), which was dismissed for lack of jurisdiction by the Ninth Circuit Court of Appeals on November 2, 2015 (Doc. 74-2).

On November 20, 2015 Defendants Brady and Newton filed a motion for summary judgment. Doc. 78. Once again, Plaintiff failed to file a notice of change of address with the Court and mail was returned to this Court as undeliverable. Docs. 81, 82. On January 6, 2016, the Court issued an order giving Plaintiff until January 22, 2016 to file a response to Defendants' motion for summary judgment. Doc. 83. Plaintiff has failed to comply with that order and respond to the motion within the time limit set forth in the Federal Rules of Civil Procedure. For reasons stated below, the Court will dismiss this action without prejudice.

The Court explicitly warned Plaintiff that, even though he is proceeding pro se, he is still required to follow the Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure in prosecuting his case. *See* Docs. 25, 37, 65, 83. The Court cautioned Plaintiff that his case could be dismissed for his failure to respond to motions filed by opposing parties or for his failure to follow court orders. *See id.* Plaintiff was further warned that if he failed to prosecute this action, or if he failed to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g.*, Doc. 65 at 9 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52,

- 2 -

54 (9th Cir. 1995)).

Before dismissing a case for failure to prosecute or failure to comply with the rules or an order, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  *See Ghazali*, 46 F.3d at 53 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The factors favor dismissal.  Plaintiff filed this suit more than 18 months ago.  Doc. 1.  He was served with the motion for summary judgment on November 20, 2015.  He has had nearly three months to respond to the motion, but has failed to do so.  Because the Court and the public have a strong interest in judicial efficiency and the prompt resolution of litigation, Plaintiff's failure to prosecute this action weighs in favor of dismissal.  The risk of prejudice to Defendants also weighs in favor of dismissal.  Defendants who are forced to incur expenses and defend themselves in court are prejudiced by a plaintiff's failure to respond to motions or to prosecute the case in a timely and efficient manner.  Such is the case here, with the remaining Defendants.  The fourth factor, as always, weighs against dismissal.  As for the fifth factor, the Court concludes that a dismissal with prejudice would be unduly harsh.  Dismissal without prejudice is, however, an appropriate alternative sanction.  The overall five-factor analysis favors dismissal. *See Ghazali*, 46 F.3d at 53.  The Court, therefore, will dismiss this action without prejudice for Plaintiff's failure to prosecute, his failure to follow the applicable rules, and his failure to comply with the Court's orders, including its January 6, 2016 order (Doc. 83).

**IT IS ORDERED:**

1. This action is **dismissed without prejudice**.

2. Defendants' motion for summary judgment (Doc. 78) and Plaintiff's motions to stay (Docs. 85, 88) are **denied as moot**.

3. The Clerk is directed to terminate this matter and enter judgment accordingly.

Dated this 16th day of February, 2016.

_____
David G. Campbell
United States District Judge