**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Johnson,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Robert Brady, et al.,<br><br>　　　　　　　　Defendants. | No. CV-14-01875-PHX-DGC<br><br>**ORDER** |

　　　　Although this case is currently on appeal, the Court of Appeals referred this matter to the Court for the limited purpose of determining whether Plaintiff's in forma pauperis ("IFP") status should continue for the appeal, or whether the appeal is frivolous or taken in bad faith. Doc. 95. For the following reasons, the Court will revoke Plaintiff's IFP status for the appeal.

　　　　On January 28, 2015, the Court dismissed Plaintiff's state law claims against Defendants Rogers, Puchek, Brady, Newton, and the Town of Quartzsite for failure to comply with the state's notice of claim statute. Doc. 37 at 4-5. The Court dismissed claims against Defendant Vederman based on absolute immunity and Plaintiff's failure to allege facts to support claims for actions that are not protected by immunity. *Id.* at 5-6. The Court dismissed Plaintiff's section 1983 claims against Defendants La Paz County, La Paz County Board of Supervisors, and the Town of Quartzsite for failure to state the legal theory under which the municipal defendants could be held liable, and for failure to

allege sufficient facts. *Id.* at 6-7. The Court dismissed Plaintiff's state law claims against Defendants La Paz County and La Paz County Board of Supervisors based on the actions of its employees because neither of the two agents was responsible for the alleged torts. *Id.* at 8-10. The Court dismissed Plaintiff's section 1983 unreasonable search and seizure claim against Defendants Brady and Newton because Plaintiff's allegations do not show that the officers acted without reasonable suspicion. *Id.* at 10-11. The Court dismissed Plaintiff's section 1983 malicious prosecution claim against Defendants Rogers, Puchek, Brady, and Newton based on prosecutorial immunity (Rogers), for lack of state action (Puchek), and for failure to state any allegations related to the prosecution beyond the initial decision to arrest (Brady and Newton). *Id.* at 11-14. Finally, the Court dismissed Plaintiff's equal protection claim against all Defendants for failure to allege any facts that would support a "class of one" claim. *Id.* at 14. The Court granted Plaintiff leave to amend his federal and state law claims against Defendants La Paz County, La Paz County Board of Supervisors, the Town of Quartzsite, Brady, and Newton, and leave to amend his state law claims against Defendant Puchek. *Id.* at 14-16. Plaintiff's only claim that survived was his section 1983 unreasonable arrest claim against Defendants Brady and Newton. *Id.* at 14.

On June 17, 2015, the Court again dismissed all of Plaintiff's claims except his section 1983 false arrest claim and his civil conspiracy claim against Defendants Brady and Newton. Doc. 65 at 5-6. This time, however, the Court dismissed Plaintiff's other claims with prejudice because he "re-pled claims the Court dismissed with prejudice" and "failed to cure the deficiencies identified in the Court's earlier order." *Id.* at 9. The Court warned Plaintiff that a failure to prosecute the case would result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. *Id.*

On November 20, 2015, Defendants Brady and Newton filed a motion for summary judgment. *See* Doc. 78. Plaintiff never responded. On February 16, 2016, the Court dismissed Plaintiff's action under Rule 41(b) for failure to prosecute and for failure to comply with the Court's previous orders. Doc. 89 at 2-3. The Court, however,

dismissed the action without prejudice. *Id.* at 3. The Clerk entered a judgment of dismissal that same day. *See* Doc. 90. On March 11, 2016, Plaintiff filed a notice of appeal. Doc. 91.

A district court may deny a party IFP status if all claims on appeal are frivolous. *See* 28 U.S.C. § 1915(a)(3); *Ellis v. United States*, 356 U.S. 674, 674-75 (1958). As discussed in the Court's previous orders, the majority of Plaintiff's claims were wholly without merit. *See* Docs. 37; 65; 89. Appeal pertaining to any of these claims would be frivolous or taken in bad faith. After two rounds of motion practice, Plaintiff was left with only two non-frivolous claims – his false arrest claim and civil conspiracy claims against Defendants Brady and Newton. Ordinarily this would be sufficient to permit Plaintiff to proceed with IFP status on appeal, but Plaintiff failed to prosecute his action in direct violation of the Court's June 17, 2015 order. Plaintiff also failed to respond to Defendants' motion for summary judgment, even after being ordered to do so. Doc. 89. As a result, the Court dismissed the claims without prejudice. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citations omitted) (recognizing that courts may *sua sponte* dismiss actions under Rule 41(b) for a plaintiff's failure to prosecute or comply with the court's orders). The Court specifically considered the five factors required by the Ninth Circuit before making the dismissal decision. Doc. 89 at 3 (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)).

Because the Court dismissed Plaintiff's claims without prejudice because of his repeated failures to follow the rules and comply with Court orders, and his refusal to respond to the motion for summary judgment even after being ordered to do so, the Court concludes that any appeal of the dismissal would be frivolous.

**IT IS ORDERED:**

1. Plaintiff's IFP status is **revoked** for this appeal.

2. The Clerk shall transmit this order to the Ninth Circuit Court of Appeals.

Dated this 25th day of March, 2016.

_____
David G. Campbell
United States District Judge