**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Derrick Johnson, *et al.*, | No. CV-14-01875-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Robert Brady, *et al.*, | |
| Defendants. | |

Plaintiff Derrick Johnson has filed a Rule 60 motion to vacate three orders entered in this case. Doc. 101. Defendants responded (Docs. 103, 104), and Plaintiff did not reply. No party requests oral argument. The Court will deny Plaintiff's motion.

**I. Background.**

On August 22, 2014, Plaintiff filed a pro se complaint against various government employees and municipalities ("Defendants"). Doc. 1. Plaintiff filed an application to proceed *in forma pauperis* (Doc. 2) and a Rule 4(c)(3) motion for service by a U.S. marshal (Doc. 4). The Court granted the application and motion. Doc. 8. The Court ordered the Clerk to deliver service packets to Plaintiff and directed Plaintiff to complete and return them to the Clerk so that the U.S. Marshal could execute service. Doc. 8 at 1-2. When Plaintiff returned the packets, the Clerk forwarded them to the Marshal for service on Defendants. *See* Doc. 101.

Defendants filed three motions to dismiss. Docs. 11, 20, 22. On

January 28, 2015, the Court granted two of the motions in full and one in part. Doc. 37 ("January 28 order"). Plaintiff filed an amended complaint (Doc. 44), and Defendants again filed three motions to dismiss (Docs. 49, 50, 51). On June 17, 2015, the Court granted two of the motions in full and one in part. Doc. 65 ("June 17 order"). The remaining Defendants then filed a motion for summary judgment. Doc. 78. Plaintiff did not respond. Doc. 83; Doc. 89 at 2. On February 16, 2016, the Court dismissed "this action without prejudice for Plaintiff's failure to prosecute, his failure to follow the applicable rules, and his failure to comply with the Court's orders." *Id.* at 3 ("February 16 order").

Plaintiff now moves for Rule 60 relief, alleging that a procedural mistake requires the Court to vacate the January 28, June 17, and February 16 orders. Doc. 101.

**II. Analysis.**

Plaintiff must show that Rule 60 relief is warranted. Fed. R. Civ. P. 60. Plaintiff relies on an alleged violation of Rule 4(b) to justify vacating the three orders. Doc. 101. Plaintiff argues that Rule 4(b) required the Clerk to "sign, seal, and issue" the summons. *Id.* at 2. The Clerk's failure to do so, Plaintiff argues, is an error that requires the Court to vacate its prior orders. *Id.*

Rule 4(b) provides that "the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it *to the plaintiff for service on the defendant*." Fed. R. Civ. P. 4(b) (emphasis added). But Plaintiff elected not to serve Defendants himself. Plaintiff instead requested that "service . . . be made by a U.S. Marshal, Deputy Marshal, or someone specially appointed by the Court." Doc. 4; *see also* Fed. R. Civ. P. 4(c)(3). The Court granted Plaintiff's motion. Doc. 8. Returning service packets to Plaintiff would be inconsistent with his own request that someone else serve them. Further, the alleged noncompliance has had no effect on this case. The Court did not rely on Rule 4 to issue the three orders Plaintiff seeks to vacate. Docs. 37, 65, 89.

Plaintiff cites Rules 5(d)(2), 6(c)(1)(C), 7(b), and 78(b) for the proposition that

they "provide more grounds for this application and motion." Doc. 101 at 2. But Plaintiff does not explain, and the Court cannot discern, how these rules support his motion.

**IT IS ORDERED** that Plaintiff Derrick Johnson's Rule 60 motion (Doc. 101) is **denied.**

Dated this 2nd day of April, 2018.

_____
David G. Campbell
United States District Judge